UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVIN JON APPLEGATE,

    Plaintiff,

v.	CASE NO. 8:15-cv-92-T-23MAP

CITY OF LAKELAND, *et al.*,

    Defendants.
_____/

## **O R D E R**

Applegate's complaint under 42 U.S.C. § 1983 alleges that his civil rights were violated when he was arrested, during which the officers allegedly used excessive force. Applegate was granted leave to proceed *in forma pauperis.* (Doc. 6)

The Prisoner Litigation Reform Act requires dismissal of an *in forma pauperis* prisoner's case "if the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). Although entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), Applegate is entitled to no relief because the complaint is barred by the statute of limitation.

Applegate alleges that on January 10, 2008, officers of the Lakeland Police Department employed excessive force when arresting him. Because Section 1983

contains no limitation, the state's four-year limitation for a personal injury claim governs a Section 1983 claim. *Wilson v. Garcia*, 471 U.S. 261, 276-79 (1985); *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) ("Florida's four-year statute of limitations applies to such claims of deprivation of rights under 42 U.S.C. §§ 1983 and 1985."), *cert. denied*, 540 U.S. 1219 (2004). Because his claim arose in January, 2008, Applegate's limitation was in January, 2012. Applegate dated his complaint in January 2015, which is three years beyond the deadline. Consequently, this action is time-barred.

Additionally, Applegate litigated his claim against these same defendants in an earlier action, 8:10-cv-1366-T-27AEP, which action was not time-barred. The action was dismissed in 2012 because Applegate failed to follow the district court's orders.

Dismissal before service is proper. *Smith v. Shorstein*, 217 Fed. App'x 877, 880 (11th Cir. 2007) ("The expiration of the statute of limitations warrants dismissing a complaint as frivolous. But '[t]o dismiss a prisoner's complaint as time-barred prior to service, it must appear beyond a doubt from the complaint itself that the prisoner can prove no set of facts which would avoid a statute of limitations bar.'") (*quoting Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir.2003)); *Reynolds v. Murray*, 170 Fed. App'x 49, 51 (11th Cir. 2006) ("It is appropriate for a district court to dismiss a complaint as time-barred where the prisoner fails to identify 'why the statute of limitations might be tolled in his case.'") (*quoting Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003)).

Accordingly, the civil rights complaint (Doc. 1) is **DISMISSED** as time-barred. The clerk must close this case.

ORDERED in Tampa, Florida, on April 29, 2015.

                                        STEVEN D. MERRYDAY
                              UNITED STATES DISTRICT JUDGE